UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RYAN O. GITTENS, | ) | CASE NO.   4:09 CV1774 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| ERIC HOLDER, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

*Pro se* petitioner Ryan O. Gittens filed the above-captioned *in forma pauperis* petition pursuant to 8 U.S.C. § 1252(g). Mr. Gittens, who is currently confined at the Northeast Ohio Correctional Center (N.E.O.C.C.), names Attorney General Eric Holder and Secretary of the Department of Homeland Security (DHS) Janet Napolitano as respondents. He seeks removal of a detainer lodged against him by DHS Immigration and Customs Enforcement on September 19, 2007.[1] Mr. Gittens claims the detainer is invalid because he is a naturalized citizen of the United States.

BACKGROUND

Mr. Gittens came to the United States from Barbados on January 31, 1984. Since that date, he claims he has consistently resided in the United States, living in New York state. In February 1997, he filed an application for naturalization. Claiming the Immigration and

---

[1] On March 1, 2003, the INS was abolished and its functions transferred to three bureaus within the Department of Homeland Security. *See* 6 U.S.C. § 291. The immigration enforcement functions of the INS were transferred to the Bureau of Immigration and Customs Enforcement ("BICE") within the Department of Homeland Security. To the extent relevant case law is cited before the creation of BICE, the court will continue to refer to the government agency as INS.

Naturalization Service (INS) was overwhelmed with applications, he was allegedly advised of an agency backlog. Still, the INS requested his fingerprints. He submitted the prints, only to be notified, again, of a backlog and to re-submit his prints because the earlier prints were no longer useful. After this exchange, Mr. Gittens claims he never heard from the INS again. Numerous attempts to contact the agency were unsuccessful.

Attached to the petition is a Freedom of Information Act (FOIA) G-639 request, dated May 24, 2009, from Mr. Gittens to the DHS seeking all documents from 1997 until the present regarding any "citizen papers filed." A reply, dated June 11, 2009, indicates the DHS received petitioner's request for documents, which is still under investigation. Mr. Gittens believes these documents prove he attempted to establish his status as a naturalized citizen of the United States.

## 8 U.S.C. § 1252

Mr. Gittens's reliance on 8 U.S.C. § 1252(g) as a basis for this court's jurisdiction is misplaced. The relevant subsection statute reads:

> (g) Exclusive jurisdiction
>
> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). In essence, the statute essentially sets forth that: "[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." *Id.* The "[e]xcept as provided in this section [. . .]

including section 2241 of title 28" provision suggests petitioner may be attempting to assert this court's jurisdiction pursuant to 28 U.S.C. § 2241. While § 2241 expressly permits federal courts to grant writs of habeas corpus to aliens when those aliens are "in custody in violation of the Constitution or laws or treaties of the United *States," see Henderson v. INS*, 157 F.3d 106, 121 (2d Cir.1998), *cert. denied sub nom.*, *Reno v. Navas*, 526 U.S. 1004 (1999);*Goncalves v. Reno*, 144 F.3d 110, 125 (1st Cir.1998), *cert. denied*, 526 U.S. 1004 (1999), petitioner cites no cases in which the lodging of a detainer was deemed to bestow custody of a prisoner upon the DHS.

Mr. Gittens is asking this court to direct the DHS to remove its detainer. To satisfy his request, he must be in the custody of the DHS. *See Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Most circuits have held, however, that an INS notice of detainer does not place the prisoner in INS's custody. *See, e.g.*, *Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir.1990); *Orozco v. INS*, 911 F.2d 539, 541 (11th Cir.1990); *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir.1988). The rationale for this determination is that a detainer, as distinguished from other INS orders, does not put a "hold" on the alien. *Prieto*, 913 F.2d at 1164. A detainer usually serves only as a notice to federal prison authorities that the INS is going to be making a decision about the deportability of the alien in the future. *Campillo*, 853 F.2d at 595. The reasoning follows that the detainer does not serve to establish conclusively either present or future restraints on the prisoner's liberty. *Id.* Because there is no actual claim to the alien following the completion of his criminal sentence, there is no custody. Moreover, nothing in the petition or attachments suggests that there is a final deportation order in place against Mr. Gittens. Even if there were such an order, section 1252(b)(5) provides petitioner a specific remedy and is the

3

...

exclusive means of determining U.S. citizenship for aliens in removal proceedings.[2]

## CONCLUSION

For the foregoing reasons, petitioner is granted leave to proceed *in forma pauperis* and this action is dismissed pursuant to 28 U.S.C. § 2243.[3] The court certifies that an appeal from this decision could not be taken in good faith.[4]

**IT IS SO ORDERED**.

Dated: August 11, 2009

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] The statute provides, in relevant part:

> (5) Treatment of nationality claims
>
> > (A) Court determination if no issue of fact
> >
> > > If the petitioner claims to be a national of the United States and the *court of appeals* finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.

8 U.S.C. § 1252(b)(emphasis added).

[3] The statute provides, in relevant part:
* * *
> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ [. . . ], *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

[4] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."