UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RYAN O. GITTENS, | ) | CASE NO.   4:09 CV1774 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | ORDER |
| ERIC HOLDER, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

On August 20, 2009, *pro se* petitioner Ryan O. Gittens filed a "Motion to Clarify" this court's decision to dismiss his petition on August 11, 2009. Mr. Gittens does not understand why this court lacks jurisdiction to remove a detainer lodged against him by the DHS Immigration and Customs Enforcement based on the assertion he is a naturalized United States citizen.

As this court noted in its August 11, 2009 Opinion:

> Mr. Gittens is asking this court to direct the DHS to remove its detainer. To satisfy his request, he must be in the custody of the DHS. *See Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") **Most circuits have held, however, that an INS notice of detainer does not place the prisoner in INS's custody**. *See, e.g., Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir.1990); *Orozco v. INS*, 911 F.2d 539, 541 (11th Cir.1990); *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988).

Opinion of 8/11/09, at 3-4 (emphasis added). Mr. Gittens is not incarcerated because of his alien status. He is imprisoned because he was sentenced to serve a sixty-three months term on August 17, 2007 following his conviction for conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). *See United States v. Gittens*, No.1:01-cr-00052 (D. Idaho 2001).

He is now, and will remain, in the custody of the warden at the prison at which he is located until the term of his sentence ends. *Vasquez v. Reno*, 233 F.3d 688, 690-91 (1st Cir 2000)(prisoner's proper custodian for purposes of habeas review is warden of facility where he is being held). Because the warden is not responsible for the placement of the DHS detainer petitioner seeks to remove, this court cannot direct the warden to remove it.

Unlike the petitioners he cites in *Reno v. American-Arab Anti-Discrimination Committee,* 525 U.S. 471 (1999) and *Walters v. Reno*, 145 F.3d 1032 (9th Cir. 1998), there is no final deportation order issued against Mr. Gittens. While he may be considered a deportable alien, the Department of Justice has not actively initiated the process of removing him from the United States.

Finally, this is not the court in which Mr. Gittens may seek a determination of his citizenship. Section 1252(b)(5) of Title 8 provides petitioner a specific remedy and is the exclusive means of determining U.S. citizenship for aliens **in removal proceedings**.[1] Again, when and if removal proceedings commence against petitioner he may assert his claims of naturalized United States citizenship at that time. He is not entitled to a determination of his citizenship until then.

---

[1] The statute provides, in relevant part:

(5) Treatment of nationality claims

(A) Court determination if no issue of fact

**If** the petitioner claims to be a national of the United States and **the court of appeals** finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, **the court shall decide the nationality claim.**

8 U.S.C. § 1252(b)(emphasis added)

Based on the foregoing, petitioner's Motion to Clarify [Dkt. #4] is **granted**. This court lacks jurisdiction over Mr. Gittens's petition because he is not in the custody of the DHS and this court lacks subject matter jurisdiction to address any prisoner claims regarding U.S. citizenship. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: August 25, 2009

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."